**Opinion issued November 8, 2012**



In The

# Court of Appeals

For The

# First District of Texas

——————————

## NO. 01-12-00973-CR

——————————

**BRANDON MARQUICE WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1252255**

---

## MEMORANDUM OPINION

Appellant, Brandon Marquice Wilson, pleaded guilty to the felony offense of burglary of a habitation and committing or attempting to commit a felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(3) (West 2011). The trial court found appellant guilty, and, in accordance with the terms of appellant's plea agreement with the

State, sentenced appellant to 20 years' confinement.  Appellant filed a pro se notice of appeal.  We dismiss the appeal.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal.  TEX. R. APP. P. 25.2(a)(2).  An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.  TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal.  *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2).  Appellant did not appeal any pre-trial matters, and the trial court did not give permission for appellant to appeal.  In his notice of appeal, appellant indicates that he wishes to challenge the voluntariness of his plea.  When, as here, a defendant waives his right of appeal as part of an agreement on sentencing and the agreement is followed by the trial court, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission.  *Ex parte Delaney*, 207 S.W.3d 794, 798–99 (Tex. Crim. App. 2006); *Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).  The record supports the trial court's certification.  *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

2

Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).